UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE LEEPER,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>          Defendants. | No.  2:20-cv-0960 AC P<br><br><br>ORDER |

**I.     Introduction**

Plaintiff Dale Leeper is a Sacramento County prisoner currently incarcerated at Rio Cosumnes Correctional Center.  Plaintiff proceeds pro se with a request to proceed in forma pauperis and a putative civil rights complaint filed pursuant to 42 U.S.C. § 1983.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the undersigned grants plaintiff's request to proceed in forma pauperis and dismisses the complaint with leave to amend.

**II.     In Forma Pauperis Application**

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a).  See ECF No. 2.  Accordingly, plaintiff's request to proceed in forma pauperis will be granted.  Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be

1

1  assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).
2  By separate order, the court will direct the appropriate agency to collect the initial partial filing
3  fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff
4  will be obligated to make monthly payments of twenty percent of the preceding month's income
5  credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency
6  to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the
7  filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

### III. Screening of Plaintiff's Complaint

#### A. Legal Standards

10 The court is required to screen complaints brought by prisoners seeking relief against a
11 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
12 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
13 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
14 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
15 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
16 Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
17 1984).

18 Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement
19 of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair
20 notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v.
21 Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
22 "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
23 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.
24 Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to
25 state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a
26 claim to relief that is plausible on its face.'"  Iqbal at 678 (quoting Twombly at 570).  "A claim
27 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
28 reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. The Complaint

Plaintiff's complaint seeks 5 million dollars from defendants Sacramento County and Rio Cosumnes Correctional Center on the following grounds:

> The lawsuit is in reference to COVID-19 and that the CDC recommendations are not being met. Social distancing, masks, uncleanly environment and that I am innocent until proven guilty without any medical testing being done. This is a violation of California Constitution article 1 and 6 being violated especially the 6th 8th and 14th Amendments without due process of law. Subjecting me to cruel and unusual punishment.

ECF No. 1 at 3.

The complaint contains no other allegations. Plaintiff seeks "damages of five million dollars." Id.

### C. Analysis: Failure to State a Cognizable Claim

The complaint reflects plaintiff's generalized concerns that he may be exposed to COVID-19 while incarcerated at Sacramento County's Rio Cosumnes Correctional Center due to the alleged and/or anticipated failure of correctional officials to adhere to protocols that can reduce such risk. A pretrial detainee's right to be protected by jail officials is grounded in the Fourteenth Amendment's Due Process Clause. The following standards apply:

> The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are:
>
> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

3

>(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and
>
>(4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
>With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (footnote, internal citations and punctuation omitted).

To state a claim against a local governmental entity (e.g. Sacramento County), a plaintiff must allege that a specific "policy or custom" of the agency was the "moving force" causing the alleged constitutional violation, Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978), demonstrating deliberate indifference to plaintiff's constitutional rights, City of Canton v. Harris, 489 U.S. 378, 392 (1989).  Accord, Castro, 833 F.3d at 1073.  A local governmental entity may not be held liable under a respondeat superior theory premised on the individual conduct of its subordinates.  Monell, 436 U.S. at 694.

"[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.  Plata v. Newsom, __ F.3d. __, 2020 WL 1908776, at *1, 2020 U.S. Dist. LEXIS 70271 (N.D. Cal. Apr. 17, 2020).  Nevertheless, state and county officials are striving to reduce that risk.  See id. at *4-5 (noting measures implemented to reduce infection and transmission of COVID-19 among state prisoners, including through increased sanitation, testing and social distancing).  Such efforts must be specifically considered in determining whether a defendant's response to the COVID-19 pandemic is objectively unreasonable.

The instant complaint alleges that plaintiff's place of detention is not meeting CDC recommendations in responding to the COVID-19 threat, and generally identifies "social distancing, masks, uncleanly environment and . . . without any medical testing being done." ECF No. 1 at 3.  These allegations are insufficient to state a cognizable Fourteenth Amendment claim.  A cognizable claim must be more specific in identifying defendant's challenged conduct, explain how that conduct is unreasonable under the circumstances, and describe how defendant's conduct

1  has harmed plaintiff.  "A person 'subjects' another to the deprivation of a constitutional right,

2  within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative

3  acts or omits to perform an act which he is legally required to do that causes the deprivation of

4  which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5  A cognizable claim must be specific to plaintiff alone; plaintiff cannot represent the

6  general or perceived interests of other detainees.  "A litigant appearing in propria persona has no

7  authority to represent anyone other than himself" in the action.  Russell v. United States, 308 F.2d

8  78, 79 (9th Cir. 1962).

9  For these reasons, the court will not direct service of the complaint.  However, plaintiff

10  will be accorded the opportunity to file an amended complaint that states a cognizable claim

11  subject to the standards set forth above.

12  **IV.    Leave to File an Amended Complaint**

13  Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within

14  thirty days, in which he may attempt to state a cognizable federal claim subject to the legal

15  standards set forth herein.  The FAC must be on the form provided herewith, labeled "First

16  Amended Complaint," and provide the case number assigned this case.  The FAC must be

17  complete in itself without reference to the original complaint.  See Local Rule 15-220; Loux v.

18  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

19  The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A.  Failure to timely

20  file a FAC will result in a recommendation that this action be dismissed without prejudice.

21  **V.    Conclusion**

22  For the foregoing reasons, IT IS HEREBY ORDERED that:

23  1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

24  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

25  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

27  Sheriff of Sacramento County filed concurrently herewith.

28

3. The complaint, ECF No. 1, is found not to state a claim upon which relief may be granted.

4. Plaintiff is granted leave to file a First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein.  Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

IT IS SO ORDERED.

DATED: July 7, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE